## CHESAPEAKE AND HOCKING R. R. CO v BODEN

Ohio Appeals, 4th Dist, Ross Co

Decided Jan 29, 1932

Messrs. Wilson & Rector, Columbus, and Wilby G. Hyde, Chillicothe, for plaintiff in error.

Messrs. Wade J. Bayerly, Chillicothe, Kenneth T. Stevens, Chillicothe, and Joseph C. Cox, Gillespieville, for defendant in error.

252

MIDDLETON, J.

It is apparent, we think, that the plaintiff in one cause of action undertakes to recover for the non-performance of the contract with the board of county commissioners and also on a claim sounding in tort, and we are persuaded from a consideration of this pleading that the operative fact relied on by the plaintiff is the alleged failure of the railway company to comply with the terms and conditions imposed upon it by the resolution of the board of county commissioners of Ross County. This is so for the reason that the record and evidence tends to show that the proximate cause of plaintiff's alleged injuries was the failure to protect the ditch described in the petition with guard rails or fences.

It is not necessary as we now regard this case to go into detail in respect to the provisions of the resolution of the county commissioners for the reason that it is clearly shown that the crossing in question was over a state highway which at the date of the contract with the commisisoners and at the time of the accident was under the control of the State Highway Department, and was then and theretofore designated as route No. 23. The evidence establishes that the crossing was constructed by the railroad company in 1927 and that such construction was made under the supervision of the State Highway Department as provided by §8763 GC. It is further established by the evidence that the plans and specifications for the construction of said crossing were submitted to and approved by the State Highway Department and the crossing fully completed under the supervision, and that from 1927 when the crossing was built the State Highway Department has had the exclusive control and supervision of said highway No. 23.

The trial court seems to have recognized the legal effect of the foregoing facts in two special instructions to the jury given at the request of the railway company before argument. Said instructions are as follows.

"No. 2. In making the grade separation or improvement mentioned in the petition, and in constructing the overhead bridge it was the duty of the defendant to follow the instructions of the Director of Highways of the State of Ohio. If you find in making this improvement the defendant followed the plans and specifications and the directions of the said Director of Highways and performed the work in accordance therewith to the acceptance and approval of the Director of Highways then the defendant can not be held liable for any injury resulting from the manner in which the said improvement was done.

No. 5. Whether or not it was the duty of the defendant to construct a fence or guard rail along the east side of the highway south of the overhead bridge and adjacent to the ditch on the property of the defendant depends upon the plans, specifications and directions of the Director of Highways of the State of Ohio. If you find from the evidence that the construction of such a fence or guard rail was not contemplated by said plans and specifications and was not required by the directions of the Director of Highways of the State of Ohio, and if you further find that the accident and injuries complained of in the petition were solely the result of the failure to have a guard rail or fence at said place, then your verdict must be for the defendant."

It is interesting to note in view of instruction number five that the plaintiff in his testimony said in answer to this question "There was no protective fence there at the time you went into the ditch?" "No sir. If there had been I would have saved myself because I had the car in control. I didn't dare throw my brakes on and I let it go in end ways." This answer of the witness, on motion of the defendant's counsel, was withdrawn in part from the jury as not responsive to the question. Such part, however, was not definitely fixed by the court. We do not know just in what way the jury may have considered the answer thus submitted. We do know, however, that if it had been permitted to stand it would have definitely fixed the proximate cause of the accident as being the failure to maintain a proper protection at the ditch and would have thus eliminated some other matters that may hereafter be difficult to dispose of.

In this connection it might be well to observe that Boden's testimony was the only evidence going to the jury in support of his claim in the petition of how and in what way the accident occurred. There were no witnesses other than Boden to what then transpired. Some witnesses who arrived after the accident gave testimony tending to impeach the claim of Boden that the highway under the overhead crossing was covered with ice and who described the condition of the highway as being covered with some water and snow.

The special instructions aforesaid completely eliminated from the case the contract with the county comisisoners. The trial court, however, in its general charge gave an instruction directly in conflict with the foregoing special instructions. On page 186 of the bill of exceptions the tial court said to the jury:

"But if, on the other hand, you should find that the defendant *** had complied with the agreement of the Ross County Commissioners and State Highway Department and that the accident was not occasioned through the negligence of the defendant, then your verdict should be for the defendant."

This instruction in the general charge plainly imposed upon the railway company the duty to comply with the contract with the county comisioners and brought that contract into the case for the consideration of the jury. This instruction in the general charge not only conflicted with what the court had theretofore said to the jury in the special instructions but for the reasons heretofore stated imposed upon the railway company the burden of showing a compliance with its agrement with the county commissioners. This requirement was so prejudicial to the legal rights of the company as to require a reversal of the judgment of the lower court.

We find nothing in the resolution of the county commissioners as it appears in the record which provides any regulations for the construction of the bridge at the crossing. We conclude, therefore, that the claim made in the petition that water dripped from the floor of the bridge upon the public highway and congealed thereon constitutes a complaint that sounds in tort alone, and if that complaint can be established by evidence sufficient to connect it with the proximate cause of the accident it would be actionable. And what we say of the dripping of the water from the floor of the bridge may apply also to the open ditch which the plaintiff insists is located upon the highway. If this be true and the ditch is so constructed and maintained as to endanger the lives and property of peo-

ple using the highway it also may be the basis of an action sounding in tort. The company, however, contends that the ditch is on its own property.

It is impossible, in view of the conflicting instructions to the jury, to arrive at any satisfactory theory of the grounds upon which the jury based its verdict. A majority of the court are persuaded that under all the evidence, and in view of the averments in the petition and the claims made thereunder, there is not sufficient legal evidence in the record to support the verdict.

We are impelled by reason of the error heretofore referred to in the charge of the court to reverse the judgment and remand the case to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, concurs.

BLOSSER, J.

I dissent from the opinion of a majority of the court that there is not sufficient legal evidence in the record to suport the verdict. The averments of the petition are somewhat confusing as to the theory upon which the plaintiff seeks a recovery. There is some evidence to support the claim of the plaintiff that the alleged slippery condition of the highway was caused by a leaky floor of the railroad bridge, that the company's drainage was improper and that the ditch which the railway company maintained on the east side of the highway to carry off the water was partly on its right of way and partly on the right of way of the state highway. If the theory of the plaintiff is adopted that the action sounds in tort the evidence is sufficient to support the verdict. Otherwise I concur in the opinion and the judgment of reversal.